IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MANUEL LOPEZ RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-162 |
| | ) | |
| WARDEN, FCI YAZOO CITY (Medium), | ) | |
| | ) | |
| Respondent.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  Respondent moves to dismiss the petition.  For the reasons set forth below,

the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**,

(doc. no. 4), the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and

an appropriate judgment of dismissal be **ENTERED**.

I.      BACKGROUND

Petitioner filed the instant § 2241 habeas petition while incarcerated at McRae

Correctional Institute in McRae-Helena, Georgia, arguing he should be eligible for an earlier

release date by receiving earned time credits under the First Step Act and having the

opportunity to participate in rehabilitative programs such as the Residential Drug Abuse

---

[1]The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption to reflect the warden at Petitioner's current prison, as reported by Respondent's counsel (doc. no. 4, p. 1 & n.1), as the Respondent.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (explaining proper respondent in § 2241 case is warden of institution where the petitioner is confined).

Program that are available at Bureau of Prison ("BOP") facilities. (See generally doc. no. 1.) Respondent moves to dismiss, arguing Petitioner has not exhausted his administrative remedies. (Doc. no. 4.)

## II.      DISCUSSION

### A.      The Exhaustion Requirement

Prisoners seeking habeas relief, including relief pursuant to § 2241, have long been subject to administrative exhaustion requirements. Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (*per curiam*); Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75; see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) (*per curiam*) (same). Indeed, as the Supreme Court has explained, "Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Moreover, courts have followed a general rule not to "topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*." Id. (emphasis in original). Therefore, "[i]n order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." Davis, 661 F. App'x at 562.

The BOP "has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment" codified in 28 C.F.R. § 542.10 *et seq.*  United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (*per curiam*).  The regulations require an inmate to first attempt informal resolution of the issue according to that BOP facility's informal resolution and complaint process.  28 C.F.R. § 542.13.  If the issue remains, the inmate must then file a formal written Administrative Remedy Request to the Warden.  Id. § 542.14.  After the Warden responds, the inmate may appeal to the BOP Regional Director, and then may appeal the Regional Director's decision to the BOP General Counsel.  Id. § 542.15.  If an inmate does not receive a response to any request or appeal within the time allowed for a response, the inmate is to treat the lack of response as a denial of the request or appeal.  Id. § 542.18.  An inmate has only exhausted the administrative remedies process after the conclusion of the appeal to the BOP General Counsel.  Davis, 661 F. App'x at 562.

The same exhaustion requirement also applies to private prisons not operated by the BOP, such as McRae Correctional Institute.  See Pri-Har v. Corr. Corp. of Am., 154 F. App'x 886, 887-88 (11th Cir. 2005) (*per curiam*).  Similar to the process outlined above, inmates at McRae must (1) file a grievance locally with the Warden in accordance with McRae's grievance procedures, (2) appeal the Warden's decision to the Administrator of the BOP's Privatization Management Branch, and (3) appeal the Administrator's decision to the BOP General Counsel.  See Figueras v. Johns, No. 5:17-CV-12, 2017 WL 4227393, at *4 (S.D. Ga. Sept. 20, 2017) (noting inmates at private prison must appeal to BOP Privatization Management Branch and BOP General Counsel), *adopted by*, 2017 WL 5197019 (S.D. Ga. Nov. 9, 2017).  If an inmate files an administrative remedy concerning a BOP-related matter, the request will be recorded in the BOP's SENTRY computer database.  (Doc. no. 4-1, White

Decl. ¶ 6.)

### B.      Petitioner Has Not Exhausted Available Administrative Remedies

Where, as here, Respondent has filed a motion to dismiss based on failure to exhaust

administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use

in resolving such motions.   First, the Court looks to the factual allegations made by both

parties, taking the petitioner's version as true where they conflict, and if in that light the petition

is subject to dismissal for failure to exhaust the full administrative remedies process,

Respondent's motion will be granted.   Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir.

2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted))[2].

If the petition is not subject to dismissal at the first step, then at step two the Court

makes specific findings to resolve the disputed factual issues, with Respondent bearing the

burden of proving Petitioner has failed to exhaust his administrative remedies.   Id.   Based on

its findings as to the disputed factual issues, the Court determines whether the prisoner has

exhausted his available administrative remedies and thus whether the motion to dismiss should

be granted.   Id.   Because exhaustion "is treated as a matter of abatement and not an adjudication

on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve

factual disputes so long as the factual disputes do not decide the merits and the parties have

sufficient opportunity to develop a record."   Bryant, 530 F.3d at 1376.

Here, there is no dispute Petitioner did not exhaust his administrative remedies.   With

his motion to dismiss, Respondent has attached a declaration by Jason White, an Attorney-

---

[2]Although Turner involved exhaustion requirements within the context of a 42 U.S.C. §
1983 action, it is also applicable to a § 2241 proceeding.   See Blevins v. FCI Hazelton Warden,
819 F. App'x 853, 856 (11th Cir. 2020) (per curiam) (applying Turner to a § 2241 proceeding).

Advisor at the BOP, which includes a review of the SENTRY database for administrative remedy requests filed by Petitioner.  The declaration and attachments show there is no record of Petitioner ever submitting any administrative remedy filings with the BOP.  (White Decl. ¶ 7 & Attach. 2.)   Petitioner concedes he did not exhaust administrative remedies.  (See doc. no. 1, pp. 10-11.)  Rather, Petitioner relies on out-of-circuit, nonbinding precedent to argue exhaustion was not required due to futility.

### C.      Futility Does Not Excuse Exhaustion

Prior to the Eleventh Circuit deciding exhaustion is not a jurisdictional requirement in § 2241 cases, there was a suggestion of a possible futility exception to the exhaustion requirement.  Jaimes v. United States, 168 F. App'x. 356, 359 & n.4 (11th Cir. 2006) (*per curiam*) (questioning whether futility exception exists).   However, more recent Eleventh Circuit precedent clarifies that all § 2241 petitioners must comply with the requirement of administrative exhaustion.  Fleming, 631 F. App'x at 842; Santiago-Lugo, 785 F.3d at 474-75; see also Moore v. Colon, Case No. 20-22032-CV-GAYLES, 2020 WL 5868179, at *3-4 (S.D. Fla. July 27, 2020) (collecting cases requiring exhaustion of administrative remedies before bringing § 2241 petition), *adopted by*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020); see also Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (requiring state prisoner to exhaust all available state remedies prior to seeking relief under § 2241, rejecting futility argument, and affirming dismissal of claims for failure to exhaust).

This Court has consistently recognized that futility does not excuse exhaustion.  See Viera v. Dunbar, Civ. Act. No. 2:21-CV-79, 2022 WL 2376618, at *4 (S.D. Ga. June 7, 2022) ("It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate") (citing Higginbottom v. Carter, 223 F.3d 1259, 1261) (11th

Cir. 2000) and <u>Varner v. Shepard</u>, 11 F.4th 1252, 1264 (11th Cir. 2021), *cert. denied*, 142 S.

Ct. 1172 (2022)), *adopted by*, 2022 WL 2374387 (S.D. Ga. June 30, 2022); <u>Mena v. Garrett</u>,

Civ. Act. No. 2:19-cv-124, 2020 WL 5245225, at *4 (S.D. Ga. Aug. 13, 2020) (explaining

petitioner must exhaust even though BOP will likely reject his constitutional claims), *adopted*

*by*, 2020 WL 5245125 (S.D. Ga. Sept. 2, 2020); <u>see also</u> <u>Colon</u>, 2020 WL 5868179, at *4

(agreeing court's role is not to consider futility of administrative remedies).

Furthermore, courts considering the issue of calculation of time credits under the First

Step Act have enforced exhaustion requirements and rejected futility arguments.  <u>See</u> <u>Viera</u>,

2022 WL 2376618, at *4 and n.4 (requiring petitioner to administratively exhaust First Step

Act earned time credits claim despite perceived futility); <u>Richards v. Dunbar</u>,  Civ. Act. No.

2:21-cv-69, 2022 WL 2375182, at *3-4 (S.D. Ga. June 8, 2022) (same), *adopted by*, 2022 WL

2374386 (S.D. Ga. June 30, 2022); <u>Perez v. Joseph</u>, Case No. 3:22cv2055-MCR-HTC, 2022

WL 2181090, at *2 (N.D. Fla. May 4, 2022) (same), *adopted by*, 2022 WL 2176505 (N.D. Fla.

June 15, 2022).  Even if a futility exception existed, Petitioner has not shown any extraordinary

circumstances warranting application of such.  <u>See</u> <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir.

1994) (*per curiam*) (noting futility exception only available in "extraordinary circumstances,"

and requires the petitioner to "bear[] the burden of demonstrating the futility of administrative

review").

Because Petitioner has not exhausted all available administrative remedies prior to

filing this case, his petition should be dismissed without prejudice.  Because the petition should

be dismissed based on lack of exhaustion, the Court need not address the alternative ground

for dismissal raised by Respondent.  <u>See</u> <u>Holdago v. United States</u>, Civ. Act. No. 5:19-cv-9,

2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019), *adopted by*, 2019 WL 635869 (S.D. Ga.

Nov. 26, 2019).

### III.    CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** Respondent's

motion to dismiss be **GRANTED**, (doc. no. 4), the petition be **DISMISSED** without prejudice,

this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 12th day of December, 2022, at Augusta,

Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA